IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND L. BERG                                            PLAINTIFF

v.                      CIVIL NO. 06-5166

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Raymond L. Berg brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim period of disability and disability insurance benefits (DIB).

**Procedural Background:**

Plaintiff protectively filed a DIB application on March 12, 2004, alleging an inability to work since January 1, 1995. (Tr. 44-47). Plaintiff's insured status expired on December 31, 1995. (Tr. 16, 44). An administrative hearing was held on October 25, 2005. (Tr. 287-314). Plaintiff was informed of his right to obtain representation but chose to proceed with the hearing on his own. (Tr. 43, 289-290).

In a written decision dated November 17, 2005, the ALJ concluded that plaintiff's claim for DIB failed at step two of the sequential evaluation established by regulation by the

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

Commissioner, as plaintiff suffered no severe impairment prior to December 31, 1995, the date his insured status expired. (Tr. 16-17).

The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 30, 2006. (Tr. 4-8). Plaintiff, a pro se petitioner, now seeks judicial review of that decision. (Doc. #1). Both parties submitted appeal briefs and this case is before the undersigned for report and recommendation. (Tr. Doc. # 7,8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one

year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 404.1520.

**Discussion:**

In order to have insured status under the Social Security Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 1995. Accordingly, the overreaching issue in this case is the question of whether plaintiff was disabled

on January 1, 1995, his alleged onset date of disability and the last date he was in insured status under Title II of the Social Security Act. The medical evidence of plaintiff's condition subsequent to the expiration of his insured status is relevant only to the extent it helps establish plaintiff's condition before the expiration. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984).

An ALJ may deny benefits at step two of the sequential evaluation only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and work experience were taken into account. *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). "A majority of the Supreme Court has adopted what has been referred to as a 'de minimis standard' with regard to the step two severity standard." *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989); *Funderburg v. Bowen*, 666 F.Supp. 1291 (W.D. Ark. 1987). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis." *Bowen*, 482 U.S. at 158.

The ALJ found that the objective medical evidence of record shows that on or before December 31, 1995, plaintiff did not have any impairment or combination of impairments which would have significantly limited his ability to perform basic work activities. In making this determination, the ALJ points out that there is no evidence that plaintiff sought treatment during the relevant time period. At the hearing, plaintiff also testified there were no outstanding documents that he wanted to include as part of the record. (Tr. 293). The ALJ addressed the treatment plaintiff received in 1989 for an ear infection but points out that there is no evidence of any follow-up treatment. (Tr. 16, 99). It appears plaintiff has been treated for significant

AO72A
(Rev. 8/82)

injuries resulting from an automobile accident in 2004; however, these injuries occurred well after the expiration of plaintiff's insured status. Based on the record as a whole, we find substantial evidence of record to support the ALJ's finding that plaintiff did not have a severe impairment prior December 31, 1995.

**Conclusion:**

Based on the foregoing, we recommend affirming the ALJ's decision, and dismissing plaintiff's case with prejudice.  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of July 2007.

/s/    *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

5

**AO72A**
**(Rev. 8/82)**